**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DIANA HERNANDEZ**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYSON, INC.,**<br><br>Defendant. | Case No. 1:26-cv-06898<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>Judge Lindsay C. Jenkins |
| **AMY HUNTER**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**DYSON, INC.**, and **DYSON DIRECT, INC**.<br><br>Defendant. | Case No. 1:26-cv-06921<br><br>CLASS ACTION<br><br>JURY TRIAL DEMANDED<br><br>Judge April M. Perry |

**PLAINTIFFS' MOTION TO CONSOLIDATE AND APPOINT INTERIM CLASS COUNSEL AND MEMORANDUM OF LAW IN SUPPORT**

Plaintiffs in two related cases—*Hernandez v. Dyson, Inc.*, No. 1:26-cv-06898 (the "*Hernandez* Action") and *Hunter v. Dyson, Inc. & Dyson Direct, Inc.*, No. 1:26-cv-06921 (the "*Hunter* Action") (collectively, the "Related Actions")—by and through the undersigned counsel, respectfully move the Court for an Order consolidating the above-captioned matters and appointing Paul J. Doolittle and J. Gerard Stranch, IV as interim class counsel ("Interim Class Counsel"). Plaintiffs further request that the Court stay the Related Actions, including any of the responsive pleading deadlines of Dyson, Inc., and Dyson Direct, Inc. ("Defendants"), and require the filing of a consolidated class action complaint ("Consolidated Complaint") within 21 days of entry of an order consolidating the cases and appointing Interim Class Counsel.

For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases and Appoint Interim Class Counsel should be granted. A Proposed Order is respectfully tendered herewith. Proposed Interim Class Counsel has conferred with Defendants Dyson, Inc. and Dyson Direct, Inc. Dyson contends that the Related Actions are defectively pled and improper for class treatment and preserves and does not waive any and all defenses to the allegations of the complaint, certification of the proposed class, and consolidation of future actions. Plaintiffs agree that Dyson's non-opposition to consolidation does not constitute a waiver of any legal or factual defenses and does not constitute any admission of fact or conclusion of law, and Plaintiffs agree not to assert Dyson's non-opposition to the Motion as such. Accordingly, Dyson does not oppose consolidation of the Related Actions and takes no position as to the appointment of interim class counsel

## I. INTRODUCTION AND PROCEDURAL BACKGROUND

The *Hernandez* Action (filed June 11, 2026) and the *Hunter* Action (filed June 11, 2026) are two related class actions involving common questions of law or fact and asserting overlapping claims on behalf of overlapping putative classes, pending in the United States District Court for the Northern District of Illinois, against Defendants Dyson, Inc. and Dyson Direct, Inc.

This litigation arises from Defendants' retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701. Plaintiffs bring this action on behalf of thousands of consumers who purchased goods from Dyson who paid inflated prices reflecting Dyson's increased prices based on Dyson's pass-through of the tariffs. Plaintiffs seek restitution of the tariff overcharges, together with declaratory and monetary relief.

The two Related Actions, each a putative class action, were filed in this Court on behalf of aggrieved and affected individuals. Through their respective class actions, Plaintiffs allege a

combination of the following causes of action: Unjust Enrichment, Money Had and Received; and Declaratory Judgment. Although the complaints may vary slightly in claims asserted, they all seek the same result—to redress Plaintiffs' alleged harms caused by Defendants' unjustified windfall.

Now, with multiple actions filed against Defendants, and the inevitability that additional tag-along actions will be filed, it is imperative that the Court appoint proposed Interim Class Counsel and consolidate the Related Actions (as well as any future filed or transferred matters arising from the same subject matter) for pre-trial and trial purposes, to ensure the Related Actions are coordinated and proceed efficiently. Thus, to promote the efficient resolution of all matters, Plaintiffs request consolidation of the two matters into the first-filed matter. As of the date of this filing, Plaintiffs are unaware of any other class actions that have been filed related to the Data Breach. Plaintiffs further request that Paul J. Doolittle and J. Gerard Stranch, IV be appointed Interim Class Counsel.

## II. ARGUMENT AND AUTHORITIES

### A. The Court Should Consolidate the Related Actions.

The power to consolidate related actions falls within the broad inherent authority of every court "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Seoul Semiconductor Co. v. Ace Hardware Corp.*, No. 23-cv-2690, 2024 WL 2939050, at *2 (N.D. Ill. June 11, 2024) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). Consolidation is governed by Rule 42 of the Federal Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). Consolidation in the Northern District of Illinois is further governed by Local Rule 40.4, which provides that "[a] case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge." In considering consolidation, courts must find the following criteria met:

> (1) both cases are pending in this Court; (2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and (4) the cases are susceptible of disposition in a single proceeding.

L.R. 40.4(b); *see also Blocker v. City of Chicago*, No. 09-cv-7052, 2011 WL 1004137, at *2 (N.D. Ill. Mar. 16, 2011) ("The Seventh Circuit has emphasized that related cases pending within the same court should be consolidated before a single judge to avoid wasteful overlap").

Here, consolidation of the Related Actions is warranted as all the L.R. 40.4(b) requirements are satisfied. Specifically, the Related Matters are pending in this Court. The Related Actions are at similar stages—the complaints in each case have been served and a responsive pleading has yet to be filed by Defendant. The Related Actions also raise the same or similar questions of law, arise from the same set of facts from Defendants' retention of an unjustified windfall profit created by unlawful tariffs imposed by the federal government of the United States under the International Emergency Economic Powers Act ("IEEPA"), 50 U.S.C. § 1701.

Moreover, Proposed Interim Co-Lead Class Counsel in the Related Actions anticipate that the Related Actions will involve substantially similar discovery, and that consolidation would add efficiency and consistency in judicial rulings and reduce delay and cost. Indeed, if not consolidated, the separate Related Actions would result in virtually identical discovery requests, duplicative motion practice, and an unnecessary drain on judicial resources. *See, e.g.*, *Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 839 (7th Cir. 1999) ("By far the best means of avoiding wasteful overlap when related suits are pending in the same court is to consolidate all before a

single judge"); *Sylverne v. Data Search N.Y., Inc.*, No. 08-cv-0031, 2008 WL 4686163, at *2 (N.D. Ill. May 28, 2008) ("Absent consolidation, the Court would face the specter of conducting as many as eight trials [including the newly-asserted Hamad claim] involving identical legal claims and substantially overlapping evidence. That would lead to a substantial waste of judicial time and resources—including jury resources").

For these reasons, consolidation of these Related Actions into the first-filed action is the superior option for ensuring consistent rulings and findings of fact while ensuring the most efficient resolution. The Court should grant Plaintiffs' motion and consolidate these actions.

### B. The Court Should Appoint Paul J. Doolittle and J. Gerard Stranch, IV as Interim Class Counsel.

When deciding to appoint class leadership, courts "conduct an independent review to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." Manual for Complex Litigation, § 10.22 (4th ed. 2004). Indeed, the most important factor is "achieving efficiency and economy without jeopardizing fairness to parties." *Id.*, § 10.221. While neither Rule 23 nor the Notes expressly so state, it is generally accepted that the considerations set out in Rule 23(g)(1), which govern the appointment of class counsel once a class is certified, apply equally to the designation of interim class counsel before certification. *See Walker v. Discover Fin. Servs.*, No. 10-CV-6994, 2011 WL 2160889, at *2 (N.D. Ill. May 26, 2011) ("Appointments for interim class counsel are governed by the same criteria as appointments for class counsel—Rule 23(g)(1)(A)"). Early appointment of interim class counsel is warranted when there are competing "copycat" filings or the risk of such filings. Multiple identical or similar actions prevent efficient prosecution of claims, disjointed legal strategy, and prejudice to defendants, plaintiffs, and putative class members. See *Gamboa v. Ford Motor Co.*, 381 F. Supp. 3d 853, 867 (E.D. Mich. 2019)

("Designation of interim counsel is particularly appropriate when several lawyers have filed related 'copycat' actions").

Rule 23(g)(1)(A) provides, in relevant part, that in appointing class counsel the Court must consider: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law, and (iv) the resources that counsel will commit to representing the class.

**1. Proposed Interim Class Counsel Has Thoroughly Investigated the Claims and Defenses Presented Here and Is Committed to Continuing Those Efforts.**

Proposed Interim Class Counsel has thoroughly investigated this action and the relevant case law that establishes the basis for Defendants' liability. This investigation included case law and statutory research, review of all information in the public domain regarding the matter, communications and interviews with prospective class representatives, and a review of any and all available information stating or implying Defendants' alleged windfall. The investigation and determinations have been informed by the various attorneys' experience and knowledge of these types of cases. Proposed Interim Class Counsel also worked with counsel in all filed cases to try and reach consensus on consolidation and leadership. Although all Plaintiffs' counsel have diligently investigated and researched this matter, they have agreed that Paul J. Doolittle and J. Gerard Stranch, IV should be named Interim Class Counsel.

**2. Proposed Interim Class Counsel Are Highly Experienced in Leading and Successfully Resolving Complex Consumer Class Actions Involving Claims Similar to Those at Issue in this Litigation**

Appointing lead class counsel with experience is in the best interest of the class, particularly in complex data breach litigation. *See Outten v. Wilmington Tr. Corp.*, 281 F.R.D. 193, 200 (D. Del. 2012) ("Experience and knowledge of the law is of the utmost importance when

determining lead counsel."); *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 702 (S.D. Fla. 2004) (stating that the "most persuasive" factors in choosing lead counsel may be proposed counsel's "experience in, and knowledge of, the applicable law in this field"). Proposed Interim Class Counsel has a track record of successfully litigating and resolving consumer class actions and other complex litigation, including consumer data breach class action litigation. The qualifications and experience of the proposed Interim Class Counsel, Paul J. Doolittle and J. Gerard Stranch, IV, are briefly summarized below and are further detailed in the accompanying firm resumes. *See* Ex. A (Poulin Willey Anastopoulo, LLC Firm Resume); Ex. B (Stranch, Jennings & Garvey Firm Resume).

*Paul J. Doolittle of Poulin Willey Anastopoulo, LLC*

Paul J. Doolittle of Poulin, Willey, Anastopoulo, LLC ("PWA") has substantial experience handling complex litigation generally, along with mass actions and consumer class actions. Paul J. Doolittle is Director of the Class Action and Mass Torts Division at PWA, a position he has held since 2022. Mr. Doolittle is an experienced trial attorney who has been recognized for his courtroom skills and verdicts. Mr. Doolittle attended the University of South Carolina School of Law for his legal education, where he graduated in the top 20% of his class. After law school, Mr. Doolittle worked at Foster & Foster, handling a vast array of cases from auto accidents to complex automobile dealer buy/sell transactions. After gaining experience in and out of the courtroom, Mr. Doolittle joined Motley Rice, where he eventually became a partner. Mr. Doolittle co-chaired the firm's Catastrophic Injury Group, which was started to handle the firm's most complex and high-damage cases. He still holds the highest verdict ever received in a Minnesota asbestos trial.

Since joining PWA, Mr. Doolittle has taken the vast experience he has gained over the years to help in the most complex actions that appear before the courts across this country. Most

recently, reflecting his ability to handle complex cases and work well with both plaintiffs' and defense counsel, Mr. Doolittle was appointed to the Plaintiffs' discovery committee in MDL 3089, *In re Recalled Abbott Infant Formula Prods. Liab. Litig*., where he led the charge on offensive discovery requests, including interrogatories, requests for production of documents, meet and confers with opposing counsel, and discovery motion practice. Additionally, Mr. Doolittle has experience securing settlements and litigating cases on behalf of individuals affected by data breaches. Representative cases include the following: *In re: HealthEC LLC Data Breach Litigation*, 2:24-cv-00026 (D. N.J.) (Plaintiffs' Steering Committee); *Stinson, et al., v. Yum! Brands, Inc*., 3:23-cv-00183 (W.D. KY.) (Plaintiffs' Executive Committee); *Prevost et al. v. Roper St. Francis Healthcare, C.A.*, 2021-CP-1001754 (Class Counsel); *Okonski, et al., v. Progressive Casualty Ins. Co*., 1:23-cv-01548 (N.D. Ohio); *Hernandez et al., v. Advance America Cash Advance Centers Inc*., 7:23-cv-04256 (D.S.C.); and *Ambrose-Manness v. First Commonwealth Federal Credit Union*, 5:24-cv-04358 (E.D. Pa.). Additional information regarding Mr. Doolittle and Poulin, Willey, Anastopoulo, LLC is detailed in the PWA Firm Resume, attached hereto as **Exhibit A**.

*J. Gerard Stranch, IV of Stranch, Jennings & Garvey, PLLC*

J. Gerard Stranch, IV is a third-generation trial lawyer with deep and broad experience representing consumers against some of the largest and most well-resourced companies in the country. He is the Managing Partner of Stranch, Jennings & Garvey, PLLC ("SJG")—the largest and most successful Tennessee-based class action firm. He was the lead trial attorney for the Staubus opioids case on behalf of nine East Tennessee Counties and certain cities within those counties against Endo Health Solutions and Endo Pharmaceuticals, Inc., resulting in a default judgment against Endo for discovery violations and settling on the eve of trial for $35 million, the

largest per capita payment by Endo in any Opioid settlement. *See Staubus v. Purdue Pharma LP*, No. C-41916 (Sullivan Cty. Tenn. Cir. Ct.). He was appointed to the steering committees of *In re Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability*, No. 15-MD-02672 (N.D. Cal.) resulting in approximately $17 billion in settlements. In *In re New England Compounding Pharmacy, Inc.*, MDL No. 13-02419-RWZ (D. Mass.), he was appointed to the executive committee and in charge of all Tennessee litigation, resulting in the recovery of over $230 million in settlements. He was appointed to the executive committee in *Dahl v. Bain Capital Partners*, No. 07–12388–EFH (D. Mass.) a case that resulted in a $590.5 million settlement shortly before trial.

Earlier in his career, Mr. Stranch was named to the 40 Under 40 list by the National Trial Lawyers Association. Indeed, when beneficial to his clients, Mr. Stranch is more than willing to take any case to trial. For example, Mr. Stranch's firm recently took Abbott Laboratories to trial in a bellwether infant formula case, which resulted in a nearly $500 million jury verdict. *Gill v. Abbott Labs.*, No. 2322-CC01251 (Mo. Cir. Ct.).

Mr. Stranch, moreover, has deep experience representing consumers in class action litigation. For example, Mr. Stranch served as co-lead in *In re CorrectCare Data Breach Litig.*, No. 5:22-319-DCR (E.D. Ky.), negotiating a $6.49 million settlement. In *Doe v. SSM & Navvis*, No. 2422-CC-00208 (Mo. Cir. Ct.), the firm represented the class as class counsel, resulting in a $6.5 million settlement. In *Owens v. MGM Resorts International*, No. 2:23-cv-01480 (D. Nev.), Mr. Stranch was appointed as co-lead class counsel to represent a class of customers affected by a 2023 data breach. Along with co-counsel, Mr. Stranch negotiated a $45 million settlement as part of an agreement to resolve claims arising under both of MGM's 2019 and 2023 data breaches. In *In re Evolve Bank & Trust Customer Data Security Breach Litigation*, MDL No. 2:24-md-03127

(W.D. Tenn.), Mr. Stranch successfully petitioned for centralizing in an MDL and was ultimately named interim lead counsel. Mr. Stranch then successfully negotiated a nearly $12 million settlement. In *Lewis v. Mountain View Hospital, LLC*, No. 3:24-cv-00175 (M.D. Tenn.), Mr. Stranch served as lead counsel on behalf of the more than 400,000 class members and negotiated a settlement worth up to $4.4 million. And in a recent online privacy case, *Doe et al v. HSCGP, Inc.*, No. 23C2513 (Tenn. Cir. Ct.), Mr. Stranch negotiated a settlement valued at approximately $23 million to redress alleged privacy violations related to disclosure of health information to Meta.

Indeed, these are a small fraction of the hundreds of consumer class actions that Mr. Stranch has litigated. *See Martinez et al. v. Presbyterian Healthcare Services*, No. D-202-CV-2020-01578 (N.M. Dist. Ct.) (class of 1,047,428 individuals); *Owens v. U.S. Radiology Specialists Inc. et al.*, No. 22 CVS 17797 (N.C. Super. Ct.); *In re Goodman Campbell Brain & Spine Data Incident Litig.*, No. 49D01-2207-PL-024807 (Ind. Super. Ct.); *Monegato v. Fertility Ctrs. of Illinois, PLLC*, No. 2022 CH 00810 (Cook Cty. Cir. Ct.); *Berthold v. Norton Healthcare, Inc.*, No. 23-CI-003349 (Jeff. Cty., Ky. Cir. Ct.) (appointed co-lead interim class counsel in consolidated data breach class action impacting at least 2.5 million patients and employees); *Lurry v. Pharmerica Corp.*, No 3:23-cv-00297-RGJ (W.D. Ky.) (appointed interim lead class counsel in consolidated data breach class action); *Goodlett v. Brown-Forman*, No. 20-CI-005631 (Jefferson Cty. Ky. Cir. Ct.); *Reese v. Teen Challenge Training Ctr., Inc.*, No. 210400093 (Phil. Cty. Pa. Ct. Comm. Pl.); *Black v. Smith Transport, Inc.*, No. 2022 GM 3110 (Blair Cty. Pa. Ct. Comm. Pl.); *K.B. E. Tenn. Children's Hosp. Ass'n*, No. C2LA0081 (Tenn. Cir. Ct.); *Henck v. Squirrel Hill Health Ctr.*, No. GD-21-014637 (Pa. Ct. Comm. Pls.); *Edwards v. Concord Music Grp.*, No. 24C2675 (Tenn. Cir. Ct.); *Bauer v. BJC*

*Health Sys.*, No. 2022-CC-09492 (Mo. Cir. Ct.); *Castaneda v. Ardagh Glass, Inc.*, No. 1:23-cv-02214 (S.D. Ind.); *O'Neal v. Quaker Window Prods.*, No. 24OS-CC-00002 (Mo. Cir. Ct.).

Given Mr. Stranch's deep experience in consumer class actions, he is more than qualified to lead the representation of the putative class members here. Additional information regarding Mr. Stranch and Stranch, Jennings & Garvey, PLLC is detailed in the SJG Firm Resume, attached hereto as **Exhibit B**.

**3. Proposed Interim Class Counsel Is Committed to Representing and Advancing the Interests of the Class.**

Proposed Interim Class Counsel is willing and able to expend the resources necessary to ensure the vigorous prosecution of Plaintiffs' and the putative class's claims. Proposed Interim Class Counsel's resume demonstrates his record of success leading and funding complex consumer class action cases against some of the largest and wealthiest corporations in the world. The experience here will be no different. As demonstrated by the organization of the proposed Interim Class Counsel, Interim Class Counsel is committed to working cooperatively and efficiently on behalf of all Plaintiffs and the proposed class here.

**4. Proposed Interim Class Counsel Have Sufficient Resources to Represent the Class in This Action.**

As is evident by the numerous larger data breach class actions that proposed Interim Class Counsel have handled, proposed Interim Class Counsel and their respective firms possess sufficient resources to represent the putative class action in this matter. The appointment of a formal interim class counsel, in accordance with Plaintiffs' counsel's agreement, will facilitate the most efficient resolution of these cases and will further the first rule of civil procedure. Fed. R. Civ. P. 1 (explaining that the Rules of Civil Procedure "should be construed, administered, and

employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"). Thus, the Court should grant Plaintiffs' motion.

## III. PROPOSED BRIEFING SCHEDULE

To aid in the efficiency and management of the Related Actions, Plaintiffs propose the following briefing schedule:

1. Plaintiffs' Consolidated Class Action Complaint shall be filed within **21 days** after the appointment of interim class counsel;
2. Defendants shall file a Motion to Dismiss or Answer to the Consolidated Class Action Complaint within **30 days** of filing the Consolidated Class Action Complaint.
3. In the event that a Rule 12 Motion is filed, Plaintiffs shall have **30 days** to file a Response and Defendants shall have **15 days** to file their Reply.

## IV. CONCLUSION

For the reasons stated above, the Plaintiffs respectfully request that the Court enter an Order consolidating the Related Actions for all purposes, appoint Paul J. Doolittle and J. Gerard Stranch, IV as proposed Interim Class Counsel, and adopt the proposed briefing schedule.

Dated: August 17, 2026

Respectfully Submitted,

*<u>/s/ Grayson Wells</u>*
Grayson Wells*
J. Gerard Stranch, IV*
Michael Tackeff*
**STRANCH JENNINGS & GARVEY PLLC**
The Freedom Center
223 Rosa L. Parks Avenue, Suite 200
Nashville, TN 37203
Tel: (615) 254-8801
gstranch@stranchlaw.com
gwells@stranchlaw.com
mtackeff@stranchlaw.com

Paul J. Doolittle*
**POULIN | WILLEY | ANASTOPOULO**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
paul.doolittle@poulinwilley.com

***Pro Hac Vice* granted or forthcoming**

***Attorneys for Plaintiffs and the Putative Class***

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of August 2026, I caused the foregoing to be filed electronically with the Clerk of the Court using the CM/ECF system which shall serve a copy on all counsel of record through the electronic filing system.

*/s/ Grayson Wells*
Grayson Wells